## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 15-1266-VAP (SP) | Date | July 6, 2015 |
|---|---|---|---|
| Title | PAUL HUPP v. RIVERSIDE COUNTY SUPERIOR COURT, et al. | | |

Present: The Honorable   Sheri Pym, United States Magistrate Judge

| Kimberly I. Carter | n/a | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:                    Attorneys Present for Respondent:

n/a                                                                         n/a

**Proceedings:**    **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Because Petitioner Is Not in Custody**

On June 29, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner challenges his conviction for having dogs at large and the resulting $485 fine.

It appears that petitioner is not in custody or under any other criminal sentence, as is required to obtain habeas relief. *See* 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92.

Further, that sentence must impose some sort of restraint on the petitioner beyond those restraints shared by the public generally. *See Maleng*, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."); *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara Cnty., Cal.*, 411 U.S. 345, 351, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973) (petitioner released on own recognizance pending execution of jail sentence was "in custody" for habeas purposes because he was "subject to restraints 'not shared by the public generally,'" namely, he was obligated to appear at all times and places as ordered by any court and he was not free to come and go as he pleases) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963)). It appears that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1266-VAP (SP) | Date | July 6, 2015 |
|---|---|---|---|
| Title | PAUL HUPP v. RIVERSIDE COUNTY SUPERIOR COURT, et al. | | |

petitioner is under no such restraint here.

The petition here indicates that petitioner was not sentenced to a term of imprisonment or even probation, but was simply sentenced to pay a $485 fine, which he has not yet paid. *See* Pet. at 2. Where the sentence is only a fine, a petitioner is not "in custody" for habeas purposes. *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975) ("We trust that whatever Congress meant by the word 'custody' when it enacted the habeas corpus statute, it did not intend to authorize federal intervention into state judicial proceedings to review a 'fine only' sentence."); *Bush v. Goff*, 2008 WL 375089, at *3 (W.D. Wash. Feb. 7, 2008) (petitioner who still owed fines not "in custody," as "fines resulting from a criminal conviction are properly viewed as collateral consequence, not amounting to 'custody' for purposes of habeas jurisdiction") (citing *Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir. 2001)). Although petitioner states he is "subject to jail term," he appears to mean he may be sentenced to jail if he does not pay the fine. *See* Pet. at 2. The Ninth Circuit has rejected the argument that, because an unpaid fine may result in jail, this renders a petitioner "in custody." *Edmunds*, 509 F.2d at 41 ("a threat of incarceration is implicit in any court-imposed fine," and even pending contempt proceeding based on failure to pay fine did not made confinement sufficiently imminent to allow petitioner to seek habeas relief). Because petitioner here is not presently facing any restraint on his freedom apart from the obligation to pay a fine, it appears petitioner is not "in custody." As such, it appears this court lacks jurisdiction to consider his petition. *See Maleng*, 490 U.S. at 490 ("in custody" requirement is jurisdictional).

Accordingly, the court hereby issues an **ORDER TO SHOW CAUSE** why the petition should not be dismissed for lack of jurisdiction because petitioner is not in custody. Petitioner is **ordered** to file with the court a written response to the Order to Show Cause on or before **July 28, 2015.** In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey court orders.**